E. R. WEBB v. DAVID STEPHENS.

Removal of Cause in State Court.
    Motion to remand, must be made or objection is waived.

Injunction—Error in Judgment.
    An Injunction will not lie to restrain collection of a judgment, in
    which there is an error, the proper proceeding being by appeal and super-
    sedeas.

APPEAL FROM MAGOFFIN CIRCUIT COURT.

October 27, 1871.

OPINION OF THE COURT BY JUDGE PETERS:

This action was brought against appellant in the Floyd quar-
terly court, and on his motion the venue was changed to the Magof-
fin circuit court, the preliminary steps having been taken, such
change of venue was authorized by an act of the Legislature, ap-
proved *19th of November, 1851, 1 Vol. R. S., p. 232,* which was
not repealed by the act approved *March 5, 1860, Myres' Supp. 78.*
That is an act to amend and to reduce into one, the law in relation
to changes of venue in criminal and civil cases in the *circuit courts,*
as the title of the act shows. Besides, if appellant objected to the
removal of the cause to the Magoffin *circuit court,* he should have
moved to have the same remanded back to the Floyd quarterly
court, and having failed to do so, any objection to the trial in the
Magoffin circuit court was waived.

The judgment is for more than is claimed in the petition, and
that is an error for which it would have been reversed if an appeal
had been prosecuted to this court therefrom within the time pre-
scribed by the statute. But that error in the judgment affords no
grounds for an injunction.

Nor were the other grounds as stated in the original, or either
of the amended petition, sufficient to authorize the setting aside
the judgment and to award a new trial. The evidence alleged to
have been discovered is not of that permanent character that would
most probably produce a different result on another trial.

Judgment *affirmed.*

George E. Roe, for appellant.